**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TIM DOCK, | CIVIL COMPLAINT |
|      Plaintiff, | |
| v. | CASE NO. 1:20-cv-02176 |
| LAMONT, HANLEY & ASSOCIATES, INC., | |
|      Defendant. | DEMAND FOR JURY TRIAL |

## <u>COMPLAINT</u>

NOW comes TIM DOCK ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of LAMONT, HANLEY & ASSOCIATES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a significant portion of the events or omissions giving rise to the claims occurred within the Southern of the District of Indiana.

1

**PARTIES**

4.   Plaintiff is a consumer over-the-age of 18 residing in Marion County, Indiana, which is located within the Southern District of Indiana.

5.   Defendant "is a national company specializing in accounts receivables management solutions."[1]  Defendant is a corporation organized under the laws of the State of New Hampshire, with its principal place of business and registered agent, Rhonda A. Sargent, located at 1138 Elm Street, Manchester, New Hampshire 03101.  Defendant regularly collects from consumers residing within the State of Indiana.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.   The instant action arises out of the nature of Defendant's attempts to collect upon an unpaid personal automobile insurance coverage claim ("subject debt") that Plaintiff purportedly owes to Bristol West Insurance Company.

8.   Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

9.   On or about October 15, 2019, Defendant mailed or caused to be mailed to Plaintiff a collection letter ("Collection Letter") via U.S. Mail in an attempt to collect upon the subject debt from Plaintiff.  *See* attached Exhibit A for a true and correct copy of Defendant's October 15, 2019 letter.

---

[1] http://www.lhainc.com/

10. The Collection Letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

11. The very top of Defendant's Collection Letter, in addition to providing various account and balance-related information concerning the subject debt, states "RE: Bristol West Insurance Company." *Id.*

12. The first paragraph of the Collection Letter, reads: "The above referenced debt has been referred to our office for payment in full." *Id.*

13. The Collection Letter also instructs Plaintiff to make a payment on the subject debt by mail or phone, and to remit payment to Defendant's address.

14.  As the initial written communication Plaintiff received from Defendant in connection with the subject debt, the Collection Letter was required to contain certain information about the subject debt, including the "name of the creditor to whom the [subject debt] is owed." *See* 15 U.S.C. § 1692g(a)(2).

15. Defendant's Collection Letter fails to clearly indicate the creditor to whom the subject debt is owed.

16. Defendant's Collection Letter also fails to clarify whether the creditor is Defendant's client.

17. By failing to identify the creditor to whom the subject debt was owed, Plaintiff was confused about to whom the subject debt was owed and whether the subject debt was legitimate.

18. Defendant's collection letter was misleading and confusing to Plaintiff as it left Plaintiff guessing as to whether the subject debt was owed to Defendant or whether it was merely being collected on by Defendant – confusion which is exacerbated by the Collection Letter's direction that payments be made to Defendant.

19. Plaintiff's ability to go about intelligently addressing the subject debt was materially impeded by Defendant's Collection Letter given the letter's failure to provide substantive information designed to provide Plaintiff with sufficient information to go about addressing the debt serving as the basis of Defendant's collection efforts.

20. Defendant's failure, in addition to confusing and misleading Plaintiff, similarly leaves the least-sophisticated consumer in doubt about to whom an alleged debt is owed and if Defendant's collection efforts are legitimate.

21. Defendant's Collection Letter further deprived Plaintiff of truthful, non-misleading information in connection with Defendant's collection efforts.

22. Defendant's failure to comply with the FDCPA posed a substantial risk of harm to Plaintiff's concrete interests under the statute, as Defendant's failure to clearly identify the creditor to whom a debt is owed deprived Plaintiff of being able to determine the legitimacy and appropriateness of Defendant's collection efforts – an underlying interest which is at the core of the FDCPA.

23. Letters substantially similar to Defendant's Collection Letter have been found to violate the FDCPA **as a matter of law.** *Steffek v. Client Servs.,* 2020 U.S. App. LEXIS 1759 (7th Cir. 2020).

24. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of his state and federally protected interests as a result of Defendant's conduct.

25. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra.*

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and alleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1991.[2]

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its failure to clearly identify the creditor to whom the subject debt was owed in the Collection Letter. Defendant's Collection Letter misled and deceived Plaintiff, and similarly misleads and deceives the least-

---

[2] https://www.acainternational.org/search#memberdirectory

sophisticated consumer, as to the precise entity said to be owed the debt serving as the basis of Defendant's collection efforts.

**b. Violations of FDCPA § 1692g(a)(2)**

34. The FDCPA, pursuant to 15 U.S.C. §1692g(a)(2), requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains "the name of the creditor to whom the debt is owed."

35. Defendant violated § 1692g(a)(2) through its failure to clearly identify the creditor to whom the subject debt was owed. At no point does the Collection Letter identify who the current creditor is, nor does it indicate whether the creditor is Defendant's client.  Such conduct violates the FDCPA as a matter of law.  *See Steffek,* 2020 U.S. App. LEXIS 1759; *see also Datiz v. Int'l Recovery Assocs.*, 2018 U.S. Dist. LEXIS 127196 (E.D.N.Y. Jul. 27, 2018).

WHEREFORE, Plaintiff, TIM DOCK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 19th day of August, 2020.             Respectfully Submitted,

 */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC

333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Tim Dock*